UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| NILFISK-ADVANCE, INC., | Court File No. 13-951 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| EDIC, INC., | **(Jury Trial Demanded)** |
| Defendant. | |

Plaintiff Nilfisk-Advance, Inc. ("Nilfisk" or "Plaintiff") for its Complaint against Defendant EDIC, Inc. ("EDIC" or "Defendant"), states and alleges as follows:

**PARTIES**

1. Plaintiff Nilfisk is a Minnesota corporation with a place of business in Plymouth, Minnesota. Nilfisk designs, develops, manufactures, and sells state-of-the-art equipment used in the floor and surface cleaning industry.

2. Defendant EDIC is a California corporation having its principal place of business in Los Angeles, California. EDIC makes, uses, offers for sale, and sells floor cleaning equipment in direct competition with Nilfisk.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), this being an action arising under the Patent Laws of the United States, Title 35, United States Code, in particular 35 U.S.C. § 101, *et seq.*

4.     Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. §§ 1391 and 1400(b).  EDIC has transacted and continues to transact business in this judicial district.

## FACTUAL BACKGROUND

5.     On December 8, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,627,926 ("the '926 patent"), entitled CLEANING APPARATUS to Steve Williams, with the company U.S. Products as the sole assignee. U.S. Products was acquired by Nilfisk in 2007 and merged into Nilfisk in 2010.  A true and correct copy of the '926 patent is attached hereto as **Exhibit A** and incorporated by reference.

6.     On July 17, 2012, the United States Patent and Trademark Office duly and legally issued the related U.S. Patent No. 8,220,107 ("the '107 patent"), entitled CLEANING APPARATUS to Steve Williams, with the company U.S. Products as the sole assignee.  U.S. Products was acquired by Nilfisk in 2007 and merged into Nilfisk in 2010.  A true and correct copy of the '107 patent is attached hereto as **Exhibit B** and incorporated by reference.

7.     Upon information and belief, EDIC continuously offers for sale and/or sells within this judicial district and elsewhere in interstate commerce floor cleaning apparatuses, including but not limited to its Endeavor 9000i Multipurpose Extractor, that infringe one or more claims of the '926 and '107 patents.

## **COUNT I**
## **(Infringement of '926 Patent)**

8. Nilfisk incorporates by reference all other paragraphs in this Complaint as stated herein.

9. Upon information and belief, EDIC has infringed and is presently infringing one or more of the claims of the '926 patent by making, using, offering for sale, and selling within the United States floor cleaning devices, including those known as the Endeavor 9000i Multipurpose Extractors, which embody the inventions within one or more claims of the '926 patent, or by contributing to or inducing infringement of those claims, in violation of 35 U.S.C. § 271.

10. Upon information and belief, EDIC had actual knowledge of the '926 patent prior to manufacturing, using, offering for sale, or selling its infringing devices.

11. Nilfisk is the sole assignee of the '926 patent and designs, produces, sells, and/or offers for sale floor cleaning devices that embody the claimed inventions of the '926 patent.

12. EDIC has no license from Nilfisk but has nonetheless deliberately, knowingly, and willfully infringed the '926 patent, thereby causing irreparable harm and damage to Nilfisk, which should be trebled pursuant to 35 U.S.C. § 284.

13. The acts of EDIC constitute willful infringement, making this cause an exceptional case within the provisions of 35 U.S.C. § 285, thereby entitling Nilfisk to recover its attorneys' fees upon prevailing in this action.

14. By reason of EDIC's infringement of the '926 patent, Nilfisk has been, and will continue to be, seriously damaged and irreparably harmed unless EDIC is enjoined from further infringement of the '926 patent and Nilfisk is adequately compensated for such infringement by this Court pursuant to the provisions of 35 U.S.C. §§ 283 and 284.

## COUNT II
### (Infringement of '107 Patent)

15. Nilfisk incorporates by reference all other paragraphs in this Complaint as stated herein.

16. Upon information and belief, EDIC has infringed and is presently infringing one or more of the claims of the '107 patent by making, using, offering for sale, and selling within the United States floor cleaning devices, including those known as the Endeavor 9000i Multipurpose Extractor, which embody the inventions within one or more claims of the '926 patent, or by contributing to or inducing infringement of those claims, in violation of 35 U.S.C. § 271.

17. Upon information and belief, EDIC had actual knowledge of the '107 patent prior to manufacturing, using, offering for sale, or selling its infringing devices.

18. Nilfisk is the sole assignee of the '107 patent and designs, produces, sells, and/or offers for sale floor cleaning devices that embody the claimed inventions of the '107 patent.

19. EDIC has no license from Nilfisk but has nonetheless deliberately, knowingly, and willfully infringed the '107 patent, thereby causing irreparable harm and damage to Nilfisk, which should be trebled pursuant to 35 U.S.C. § 284.

20.     The acts of EDIC constitute willful infringement, making this cause an exceptional case within the provisions of 35 U.S.C. § 285, thereby entitling Nilfisk to recover its attorneys' fees upon prevailing in this action.

21.     By reason of EDIC's infringement of the '107 patent, Nilfisk has been, and will continue to be, seriously damaged and irreparably harmed unless EDIC is enjoined from further infringement of the '107 patent and Nilfisk is adequately compensated for such infringement by this Court pursuant to the provisions of 35 U.S.C. §§ 283 and 284.

WHEREFORE, Plaintiff Nilfisk-Advance, Inc. requests a judgment in this matter as follows:

(a)     that EDIC and its principals, officers, employees, servants, agents, representatives, distributors, attorneys, and persons, firms, or corporation under their control or in active concert or participation with EDIC be preliminarily and permanently restrained and enjoined from infringing the '926 and '107 patents or inducing or contributing to the infringement of the '926 and '107 patents;

(b)     that EDIC has infringed and is presently infringing one or more of the claims of the '926 and '107 patents by the manufacture, use, sale, and/or offer for sale of the infringing products;

(c)     an award of all damages resulting from such infringement and for an award of up to three times the amount of damages found and accessed pursuant to 35 U.S.C. § 284;

(d)     an award to Plaintiff of all costs, interest, and reasonable attorneys' fees pursuant to 35 U.S. §§ 284 and 285; and

(e) such other and further relief as the Court deems just and proper.

## JURY DEMAND

Nilfisk hereby demands a jury trial in this matter pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: April 24, 2013.                                  **LINDQUIST & VENNUM L.L.P.**

By:  s/Christopher R. Smith
    David A. Allgeyer (No. 12042x)
    dallgeyer@lindquist.com
    Christopher R. Smith (No. 340157)
    csmith@lindquist.com
4200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 371-3211
(612) 371-3207 *facsimile*

**ATTORNEYS FOR PLAINTIFF**